UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:20-cv-06671-SB (SKx) | Date: | November 6, 2020 |
|---|---|---|---|

| Title: | *Joshua Heikali v. BMW of North America, LLC* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| David N. Barry | Abtin Amir |

**Proceedings:    [IN CHAMBERS] ORDER GRANTING MOTION TO COMPEL ARBITRATION (DKT. NO. 15)**

Before the Court is the Motion to Compel Arbitration ("Motion") filed by Defendant BMW of North America, LLC ("BMW NA"). (Mot., Dkt. No. 15.) Plaintiff Joshua Heikali opposes. (Opp., Dkt. No. 25.) BMW NA has filed a reply. (Reply, Dkt. No. 26.) For the reasons stated below, the Court **GRANTS** the Motion.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

### A.    THE COMPLAINT

On June 19, 2020, Plaintiff brought suit against BMW NA in Los Angeles County Superior Court (Case No. 20STCV23357), alleging two violations of the Song-Beverly Consumer Warranty Act ("Song-Beverly"). (Compl., Dkt. No. 1-1.) BMW NA removed the action to federal court on July 26, 2020 on the basis of diversity jurisdiction. (Not. of Removal, Dkt. No. 1.) The action was reassigned to this Court on October 1, 2020. (Dkt. No. 18.)

The Complaint alleges that on February 5, 2018, Plaintiff leased a new 2017 BMW 650i Gran Coupe, VIN WBA6D4C54HD977656 (the "Vehicle"). (Compl. ¶¶ 4-5.) Plaintiff received express and implied warranties from BMW NA in connection with his lease of the Vehicle. (*Id.* ¶ 7.) Plaintiff has brought the Vehicle in for repairs on at least five separate occasions, specifically for problems with lighting malfunctions, camera issues, a collision warning light, brake failure, and display issues. (*Id.* ¶¶ 9-10.) Plaintiff seeks replacement or restitution, incidental damages, consequential damages, civil penalty as provided in Song-Beverly, attorney's fees, costs and expenses, the difference in value of the Vehicle as accepted and the Vehicle had it been as warranted, remedies provided in Chapters 6 and 7 of Division 2 of the Commercial Code, and pre-judgment interest. (*Id.* at 9, Prayer for Relief.)

### B.   THE LEASE AGREEMENT

On February 5, 2018, Plaintiff signed a 36-month lease for the Vehicle from Santa Monica BMW, entitled "BMW Financial Services NA, LLC – Lease Agreement." (Lease Agreement, Dkt. No. 1-4.) The parties to the Lease Agreement are Santa Monica BMW, as Lessor, and Joshua Heikali, as Lessee. The parties are further defined as follows:

> This motor vehicle lease agreement ("Lease") is entered into between the lessee . . . and the lessor . . . named above. Unless otherwise specified, "I," "me," and "my" refer to the Lessee and "you" and "your" refer to the Lessor *or Lessor's assignee*. . . . "*Assignee*" *refers to BMW Financial Services NA, LLC* ("BMW-FS") . . . . BMW FS will administer this lease on behalf of itself or any assignee. . . .

(Lease Agreement § 2 (emphasis added).)

The Lease Agreement contains an arbitration provision, which states in relevant part:

> **NOTICE:** Either you or I may choose to have any dispute between us decided by arbitration and not in a court or by jury trial. If a dispute is arbitrated, I will give up my right to participate as a class representative or class member on any Claim I may have against you including any right to class arbitration or any consolidation of individual arbitrations. Discovery and rights to appeal in arbitration are generally more limited

than in a lawsuit, and other rights you and I would have in court may not be available in arbitration.

**"Claim"** broadly means any claim, dispute or controversy, whether in contract, tort, statute or otherwise, whether preexisting, present or future, ***between me and you or your* employees, officers, directors, *affiliates*, successors or assigns**, or between me and any third parties if I assert a Claim against such third parties in connection with a Claim I assert against you, which arises out of or relates to my credit application, lease, purchase or condition of this Vehicle, this Lease or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Lease).

(*Id.* § 38 (emphasis added).)

## II. LEGAL STANDARD

The parties do not dispute that the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, applies to the Lease Agreement. The FAA encompasses "contract[s] evidencing a transaction involving commerce to settle by arbitration." 9 U.S.C. § 2. Courts interpret the "involving commerce" language broadly to encompass transactions that are "within the flow of interstate commerce." *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) (citation omitted); 9 U.S.C. § 1. BMW NA and its affiliates are undisputedly engaged in interstate commerce. (Compl. ¶ 4 (noting that BMW NA "distributed [the vehicle] into the stream of commerce").)

Under the FAA any party bound to an arbitration agreement that falls within the scope of the FAA may bring a motion in federal district court to compel arbitration and stay the proceeding pending the resolution of the arbitration. 9 U.S.C. §§ 3, 4. The FAA requires a court to compel arbitration of issues covered by the arbitration agreement. *Dean Witter Reynolds, Inc., v. Byrd*, 470 U.S. 213, 218 (1985). A district court's role is limited to determining whether a valid arbitration agreement exists and whether the agreement encompasses the disputes at issue. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

## III.     REQUEST FOR JUDICIAL NOTICE

In support of the Motion, BMW NA seeks judicial notice of (1) the Lease Agreement, and (2) the LLC-12 filing of BMW Financial Services NA, LLC ("BMW FS") indicating that BMW NA is the manager of BMW FS.  (RJN, Dkt. No. 17.)  Under Federal Rule of Evidence 201(b), the Court may take judicial notice of a fact that is "not subject to reasonable dispute" because it:  "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Courts may take judicial notice of undisputed facts contained in public records.  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see* Fed. R. Evid. 201(b).  Courts may also judicially notice documents that are incorporated into a complaint. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Without objection, the Court finds that the Lease Agreement is incorporated in the Complaint and that the LLC-12 filing is a matter of public record filed with the California Secretary of State. [1]  The Court therefore **GRANTS** BMW NA's request for judicial notice.

## IV.     DISCUSSION

BMW NA argues that the Court should compel arbitration because Plaintiff's claims fall within the scope of the Lease Agreement, which contains a valid and enforceable arbitration provision.[2]  (Mot. at 2.)   BMW NA contends that it has standing to invoke the arbitration provision as a third-party beneficiary under the Lease Agreement and under the doctrine of equitable estoppel.  (*Id.*)  Plaintiff argues that BMW NA lacks standing to enforce the arbitration provision of the Lease Agreement.  (Opp. at 1-2.)

---

[1] Plaintiff filed no objection to the judicial-notice request.  Instead, he mistakenly contends that BMW NA neglected to file the Lease Agreement in support of its motion.

[2] Plaintiff does not challenge the validity or enforceability of the Lease Agreement. The Court therefore proceeds from the assumption that the arbitration provision is valid and enforceable.  *See Stichting Pensioenfonds ABP v. Countrywide Fin.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (failure to oppose "constitutes waiver or abandonment").

### A. PLAINTIFF'S CLAIMS ARE WITHIN THE SCOPE OF THE ARBITRATION PROVISION.

Under the Lease Agreement, either party is required to arbitrate a claim "which arises out of or relates to [the] credit application, lease, purchase or ***condition of this Vehicle***, this Lease ***or any resulting transaction or relationship*** (including any such relationship with third parties who did not sign this Lease)." (Lease Agreement § 38 (emphasis added).)

The Lease Agreement sets forth the warranties covering the Vehicle. (Lease Agreement ¶ 16 ("[T]he Vehicle is subject to the standard manufacturer's new vehicle warranty."). Plaintiff's claims generally allege that BMW NA has violated the express and implied warranties because the condition of the Vehicle was defective. (*See, e.g.,* Compl. ¶ 7 ("Along with the lease of the Vehicle, Plaintiff received written warranties . . . from Manufacturer [BMW NA] . . . that the Vehicle . . . would be free from all defects . . . ."); Compl. ¶ 8 ("[BMW NA] or its representatives failed to conform the Vehicle to the applicable warranties . . . ."). BMW NA contends that these claims fall squarely within the scope of the arbitration provision because they (1) relate to the lease and condition of the vehicle and (2) concern the warrantor-warrantee relationship. (Mot. at 17-18.)

Plaintiff does not—and reasonably could not—dispute that his claims are covered by the broad scope of the arbitration provision. That is, his dispute over the condition of the Vehicle plainly would be arbitrable if brought against Santa Monica BMW, the signatory.[3] The only question raised in opposition to the Motion is whether BMW NA, a nonsignatory, has standing to compel arbitration.

### B. BMW NA HAS STANDING TO COMPEL ARBITRATION.

BMW NA seeks to invoke the arbitration provision as a third-party beneficiary and under the doctrine of equitable estoppel. (Mot. at 18-25.) Because

---

[3] In the context of equitable estoppel, Plaintiff argues that his lawsuit "has absolutely nothing to do with the terms and conditions of the [Lease Agreement]" because he is only asserting Song-Beverly claims. (Opp. at 3.) He makes this argument despite the fact that he is relying on the express warranties contained in that agreement in support of his claim. (Compl. at 7 ("Breach of Express Warranty under Song-Beverly Warranty Act".)) To the extent that Plaintiff intends to suggest that the dispute in this lawsuit is not one covered under the arbitration provision, the suggestion is rejected.

the Court finds that BMW NA is an intended third-party beneficiary, it does not reach the question of equitable estoppel.

A nonsignatory may enforce an arbitration agreement as a third-party beneficiary if "the contract reflects the express or implied intention of the parties to the contract to benefit the third party." *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006) (internal quotes and citation omitted); *see also Gilbert Financial Corp. v. Steelform Contracting Co.*, 82 Cal. App. 3d 65, 69-70 (1978) (citing Cal. Civ. Code § 1559). A third-party beneficiary need not be expressly named or identified. *Balsam v. Tucows Inc.*, 627 F.3d 1158, 1161 (9th Cir. 2010) (applying California law); *Gilbert Financial*, 82 Cal. App. 3d at 69-70 ("California cases permit a third party to bring an action even though he is not specifically named as a beneficiary, if he is more than incidentally benefitted by the contract.").

Examining the plain language of the Lease Agreement, the arbitration provision is specifically intended to benefit BMW NA, an affiliate of BMW FS and Santa Monica BMW. The Lease Agreement defines the terms "I, me, and my" to refer to Plaintiff and the terms "you and your" to refer to "the Lessor [Santa Monica BMW] or Lessor's Assignee [BMW FS]." (Lease Agreement § 2.) The arbitration clause requires arbitration of covered claims "between me [Plaintiff] and you [Santa Monica BMW and BMW FS] and your employees, officers, directors, ***affiliates***, successors, or assigns." (Lease Agreement § 38 (emphasis added).)[4] Reading the Lease Agreement as a whole, BMW NA is clearly an "affiliate" of BMW FS. BMW NA is the manager of BMW FS and the provider of the Vehicle's warranty. (Mot. at 20-21 (citing Lease Agreement §§ 2, 41; Declaration of Abtin Amir, Dkt. No. 16, ¶¶ 3-4, Exs. B-C.)

In short, Plaintiff has provided no evidence to contradict the fact that BMW NA and BMW FS are affiliates. Instead, Plaintiff argues that BMW NA has

---

[4] The Lease Agreement also requires arbitration "between [Plaintiff] and any third parties if [Plaintiff] assert[s] a Claim against such third parties in connection with a Claim [Plaintiff] assert[s] against [Santa Monica BMW or BMW FS]." (Lease Agreement ¶ 38.) BMW NA relies in part on this provision in claiming that it is a third-party beneficiary, even though Plaintiff is not suing—and thus arguably not asserting a claim against—Santa Monica BMW or BMW FS. This claim draws support from a recent decision in this district. *See Min Soon Lee et al. v. BMW of North America, LLC*, No. SACV 19-1722 JVS (ADSx), 2020 WL 2405253, at *4 (C.D. Cal. Apr. 10, 2020). But the Court need not decide this issue in light of its conclusion that BMW NA is an intended beneficiary as an "affiliate."

engaged in a "tortured analysis" of the Lease Agreement to suggest that his claim against BMW NA was mutually intended to be arbitrated. (Opp. at 10-11.) Plaintiff's argument, however, is belied by the express terms of the Lease Agreement. (*See* Lease Agreement § 2 (stating that "you" includes your "assignee" and that "'[a]ssignee' refers to [BMW FS]").) Other courts in this district have reached a similar conclusion. *See Hajibekyan v. BMW of N. Am., LLC*, No. CV 20-3924 PA (PLAx), 2020 WL 5014698, at *3 (C.D. Cal. June 3, 2020) (collecting cases).

## V.     CONCLUSION

For the foregoing reasons, BMW NA's Motion is **GRANTED**. The Court **ORDERS** the parties to arbitrate their dispute. Because Plaintiff's claims are subject to arbitration in their entirety, the Court **STAYS** this action pending arbitration. 9 U.S.C. § 3; *see MediVas, LLC v. Marubeni Corp.*, 741 F.3d 4, 9 (9th Cir. 2014) (noting "[Ninth Circuit's] preference for staying an action pending arbitration rather than dismissing it"). Plaintiff's Motion for Remand (Dkt. No. 14) is **DENIED as untimely** and otherwise without merit. The Scheduling Conference set for December 18, 2020 is **VACATED**.